### Matthew W. Berriman et al. v. William Marvin.

1. MASTER AND SERVANT—*Servant—Duty to Obey, etc.*—A servant is bound to obey all reasonable orders of the master, and what orders are reasonable, is, in most cases, a question of fact for the jury, subject to review by the court on motion for a new trial.

2. CONTRACTS—*Construction of.*—In construing a contract, the court will read it in the light of the circumstances under which it was made.

Assumpsit.—Wrongful discharge. · Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed July 5, 1895.

Berriman v. Marvin.

Leroy D. Thoman, attorney for appellants.

O'Donnell & Coghlan, attorneys for appellee.

Mr. Justice Gary delivered the opinion of the Court.

The evidence indicates that the appellee, in November, 1893, had resided in Chicago about fourteen years, during which time he had been employed by different firms as a city salesman in Chicago; that he was married and kept house on his own property in the city; that he was then employed at a salary of $2,400 per annum. That the appellants were intimately acquainted with him, and therefore knew something of his situation, is a fair inference from the letter they then addressed to him as follows:

" William Marvin, Esq., 2974 Indiana avenue, City.

Dear Sir: If you will devote your entire time and attention to the sale of cigars manufactured by us for a period of one year, we will pay you a salary of $2,500 a year, payable monthly, and agree to pay you seven per cent on all sales over $30,000.

Yours respectfully,

Berriman Bros."

In addition to such inference, it is in evidence that they knew where, and at what salary, he was then employed.

The case does not show where the appellants manufactured, but they had, at least, an office in Chicago. The appellee began work for them November 28, 1893, and April 1, 1894, was by them discharged, because, as they contend and we will assume, he would not go to Salt Lake or Butte as the central place of his further service, unless they would pay the expenses of his wife.

The appellee has recovered on the ground that he was wrongfully discharged.

That a servant is to obey all reasonable orders of the master is not disputed, and what orders are reasonable must, in most cases, be a question of fact for a jury, subject, like all questions of fact, to review by the court on motion for a new trial. Here the appellee was for several years a resi-

dent of Chicago; at the time he was engaged, a housekeeper with his wife, in their own house. That both parties understood that his work was to be in Chicago, is fairly inferable from the facts that no mention was made of any other place, and that he began, and continued service for four months in Chicago, without any hint that he could be sent abroad against his will. Under the terms upon which he began, his expenses were his own charge.

We may take notice of the general course of business that when traveling salesmen are employed something is provided as to traveling expenses.

It may be that the appellants, when they wished the appellee to go abroad, intended to pay his traveling expenses, though the case is not explicit upon that point; but then a new arrangement between them would be necessary.

As we read the contract in the light of the circumstances under which it was made, the appellee was to serve in Chicago and could not be sent abroad without his own consent. So holding leaves no question in the case, and the judgment is affirmed.